Filed 4/12/22  In re W.C. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re W.C., a Person Coming Under the Juvenile Court Law. | B310620 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>W.C.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. YJ40166) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. Christopher Smith, Judge.  Remanded for resentencing.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

W.C. was declared a ward of the juvenile court under Welfare and Institutions Code[1] section 602 for driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a)).  On appeal he contends the juvenile court failed to make the required declaration of whether the current offense was a felony or a misdemeanor, nor was the requisite declaration made with respect to W.C.'s aggregated prior offenses.  W.C. also seeks a recalculation of his maximum term due to a change in juvenile sentencing law.  The People agree, as do we, that resentencing is required in light of the change in the law, and we therefore vacate the sentence and remand the matter for resentencing.

**FACTUAL AND PROCEDURAL BACKGROUND**

The instant appeal comes after a third wardship petition was filed with respect to W.C. within an 18-month period.  The first petition was filed in July 2019; W.C. was alleged to have driven or taken a vehicle without consent. W.C. admitted the offense, and in February 2020, he was placed home on probation subject to various conditions.

Three months later, in May 2020, the People filed a second wardship petition alleging that W.C. had committed three counts of grand theft of an automobile.  (Pen. Code, § 487, subd. (d)(1).)  The petition was amended to allege a count of driving and/or taking a vehicle without consent.  (Veh. Code, § 10851, subd. (a).)  W.C. admitted the added count on May 28, 2020, and the juvenile court dismissed the other three counts of the petition.  On June 3, 2020, the court terminated the home on probation commitment

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

and ordered W.C. suitably placed, with a maximum term of confinement of 3 years 8 months.

On November 5, 2020, the People filed the instant petition under section 602, alleging as a felony that W.C. had driven and/or taken a vehicle without consent. (Veh. Code, § 10851, subd. (a).) After a contested hearing in February 2021, the court found the allegations of the petition true and stated, "The minor's a person described by section 602 of the Welfare and Institutions Code, and the offense is deemed to be a felony." The court ordered W.C. to camp community placement for five to seven months and set the maximum term of confinement at four years two months. W.C. appeals.

## DISCUSSION

It is unclear how the juvenile court arrived at a maximum term of confinement of four years two months when making its February 2021 orders. W.C. asserts the sentence was "presumably" the high term of three years for the current offense, plus some time for aggregated counts from previous petitions, and the People agree it "appears" this is the case. We agree this is the most likely explanation of the declared maximum term of confinement.

On September 30, 2020, Senate Bill No. 823 (2019–2020 Reg. Sess.) was signed into law. Effective July 1, 2021, Senate Bill No. 823 added section 730, subdivision (a)(2), which provides, "A court shall not commit a juvenile to any juvenile facility for a period that exceeds the middle term of imprisonment that could be imposed upon an adult convicted of the same offense." (Stats. 2020, ch. 337, §27.)

As of July 1, 2021, W.C.'s judgment was not final. In *In re Estrada* (1965) 63 Cal.2d 740, 744–746, the California Supreme Court held that, absent evidence to the contrary, the Legislature intended amendments to statutes that reduce punishment for a particular crime to apply to all whose judgments are not yet final on the amendments' operative date. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307–308; *People v. Brown* (2012) 54 Cal.4th 314, 323.) As Senate Bill No. 823 decreased the possible maximum term of confinement, we agree with W.C. and the People that W.C. is entitled to the benefit of this change in the law.

Although the parties agree that W.C. is entitled to a recalculation of his maximum term of confinement using the middle term of two years for the offense, W.C. requests that this court reduce his maximum term of confinement to two years for the principal offense, while the People request the matter be remanded for a full resentencing. We conclude the matter should be remanded for resentencing. (*People v. Navarro* (2007) 40 Cal.4th 668, 681 [when one part of a criminal sentence is found to be invalid, the appellate court should remand the matter for a full resentencing so the court may exercise its full sentencing discretion anew].)

Our conclusion that resentencing is required on this basis makes it unnecessary for us to address W.C.'s arguments that resentencing is necessary because the juvenile court failed to properly exercise its discretion to determine whether the current and previous offenses were felonies or misdemeanors. W.C. may raise these issues in the juvenile court as appropriate at resentencing.

## DISPOSITION

The sentence is vacated and the matter remanded for resentencing consistent with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, Acting P. J.

We concur:


WILEY, J.


HARUTUNIAN, J.*

---

\* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.